UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES RAY JOHNSON,<br><br>Plaintiff,<br>vs.<br><br>BILLIONS AUTO, SANTANDER CONSUMER, BILL, THE SALESMAN;<br><br>Defendants. | 4:18-CV-04157-RAL<br><br><br>OPINION AND ORDER |
| CHARLES RAY JOHNSON,<br><br>Plaintiff,<br>vs.<br><br>HOOGENDOORN CONSTRUCTION,<br><br>Defendant. | 4:19-CV-04034-RAL<br><br><br>OPINION AND ORDER |
| CHARLES RAY JOHNSON,<br><br>Plaintiff,<br>vs.<br><br>MCDONALD'S CORPORATION (INC),<br><br>Defendant. | 4:19-CV-04035-RAL<br><br><br>OPINION AND ORDER |
| CHARLES R. JOHNSON,<br><br>Plaintiff,<br>vs.<br><br>EXPERIAN,<br><br>Defendant. | 4:19-CV-04036-RAL<br><br><br>OPINION AND ORDER |

Plaintiff Charles Ray Johnson filed four pro se lawsuits captioned above and requested leave to proceed in forma pauperis in each. Suits brought in forma pauperis are subject to a two-step screening process, which first requires the plaintiff to demonstrate financial eligibility to proceed without prepayment of fees. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982); *see e.g., Lundahl v. JP Morgan Chase Bank*, 2018 WL 3682503, *1 (D.S.D. 2018). A person may be granted permission to proceed in forma pauperis if he or she "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The litigant is not required to demonstrate absolute destitution, and the determination of whether a litigant is sufficiently impoverished to qualify to so proceed is committed to the court's discretion. *Lee v. McDonald's Corp.*, 231 F.3d 456 (8th Cir. 2000); *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983); *see, e.g., Babino v. Janssen & Son*, 2017 WL 6813137, *1 (D.S.D. 2017). In light of the information Johnson has provided in his financial affidavits, this Court finds that he may proceed in forma pauperis.

Nonetheless, given that Johnson has now filed several lawsuits in this district, it is incumbent upon this Court to inform Johnson that "the decision whether to grant or deny in forma pauperis status is within the sound discretion of the trial court." *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983) (internal citations omitted). A judge, "after weighing the relevant factors" may "properly determine[] that a litigant's abusive conduct merits a prefiling injunction." *In re Pointer*, 345 Fed.Appx. 204, 205 (8th Cir. 2009). Plaintiffs "who in bad faith consistently abuse the judicial process and privilege of litigating at public expense" may be subject to pre-filing review procedures "restricting the availability of cost-free access to court." *Bennett v. Miller*, 2014 WL 60092, *7 (D.S.D. 2014) (quoting *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir.

1981)). Johnson's multiple frivolous lawsuits may ultimately support such an injunction should he continue to file meritless suits.

The second step of the in forma pauperis screening process requires a district court to determine whether a pro se civil action against a governmental entity or employee should be dismissed as "frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted" or for "seek[ing] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *Martin-Trigona*, 691 F.2d at 857; *see also Lundahl*, at *1. Pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Native Am. Council of Tribes v. Solem*, 691 F.2d 382 (8th Cir. 1982). Notwithstanding its liberal construction, a pro se complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact;" that is, where the claim is "based on an indisputably meritless legal theory" or where, having "pierce[d] the veil of the complaint's factual allegations," the court determines those facts are "fantastic or delusional." *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989) (internal citations omitted); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Complaints are "malicious" where the plaintiff knows that such complaint is based on false allegations. *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (internal citations omitted).

A court may dismiss a complaint for failure to state a claim "as a matter of law if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke*, 490 U.S. at 327 (1989) (internal citations omitted). To avoid dismissal, a complaint "must show that the plaintiff 'is entitled to relief,' . . . by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) (quoting *In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063 (8th Cir. 2017) (*en banc*), Fed. R. Civ. P. 8(a)(2), and *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009)). To determine whether a claim is plausible on its face is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (2009). A complaint must allege "more than labels and conclusions." *Torti*, 868 F.3d at 671 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## I.  Claims Against Billions Auto, Santander Consumer, Bill

Johnson does not identify the basis for the Court's jurisdiction in this Complaint. 4:18-CV-4157-RAL, Doc. 1. Rather, Johnson claims the following grounds for filing the Complaint in federal court: (1) conspiracy to defraud, (2) conspiracy to defraud of Civil Rights, and (3) intentional infliction of emotional distress. *Id.* The Complaint was devoid of specific allegations against Defendants other than asserting:

> See how there is 3 to partake in this business deal I have as agreement with Santander in reguards [sic] to the car I bought & financed. I would like my car back or the amount that the car was priced at along with the down payment. I have to pay to Santander to be considered as the first verdict to righting this situation. If this isn't a verdict that is acceptable then I am open.

*Id.* at 3. Johnson attached a supplement that explains that he purchased a Toyota Camry from Billion Auto with the assistance of salesperson Bill. Doc. 1-1. Santander bank financed Johnson's car purchase. *Id.* Eventually, the car stopped working and Johnson contacted Bill. *Id.* Bill appears to have recommended that Johnson allow the car to be repossessed. *Id.* Johnson also alleges that a tech from Billions said came to look at the car and said "it was a simple fix." *Id.*

## II.  Claims Against Hoogendoorn Construction

Johnson does not identify a valid basis for the Court's jurisdiction in the Complaint. 4:19-CV-4034-RAL, Doc. 1. Rather, Johnson claims breach of contract and intentional infliction of emotional distress as the grounds for filing the Complaint in federal court. *Id.* Johnson alleges that Hoogendoorn Construction did not pay or withhold taxes on Johnson's wages. *Id.* at 3. Rather,

4

Hoogendoorn provided Johnson a 1099-MISC form. *Id.* Johnson alleges that Hoogendoorn agreed to pay and withhold taxes on Johnson's wages. *Id.*

### III. Claims Against McDonald's Corporation

Johnson does not identify a valid basis for the Court's jurisdiction in his Complaint. 4:19-CV-4035, Doc. 1. Rather, Johnson claims intentional infliction of emotional distress and unlawful detainment as the grounds for filing the Complaint in federal court. *Id.* Johnson alleges that he was improperly fired from his job at McDonalds for working overtime. *Id.* at 3.

### IV. Claims Against Experian

Johnson does not identify a valid basis for the Court's jurisdiction in his Complaint. 4:19-CV-4036, Doc. 1. Rather, Johnson claims the following grounds for filing the Complaint in federal court: (1) discrimination, (2) intentional infliction of emotional distress, and (3) improper credit readings, and (4) breach of consumer contract. *Id.* The Complaint was devoid of specific allegations against Experian other than asserting:

> I crunched the numbers on the Credit Score and the Credit Wheel and the wheel is in error and a scam that has multiple open loop holes that allows hackers and scammers to attack our credit. Add that in with certain businesses that have improper billing statements or companies that refuse to upgrade or promote individuals to keep the progress moving to better equal a wholesale community to progress and be successful. Where there is a fraction of a conspiracy this deep there has to be capitalization of several companies that a honing in to create their own global stock market one they know will never shift. Capitalization off of the struggle as a minority. Meaning an intentional breach and an intentional fix [equals] (1) a new stock market or (2) target towards the minority to equal a greater clause.

*Id.* at 3.

### V. Screening

"[F]ederal courts are courts of limited jurisdiction." *United States v. Afremov*, 611 F.3d 970, 975 (8th Cir, 2010). A district court "has a special obligation to consider whether it has subject matter jurisdiction in every case." *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011). "This obligation includes the concomitant responsibility 'to consider *sua sponte* [the court's

subject matter] jurisdiction . . . where [the court] believe[s] that jurisdiction may be lacking.' " *Id.* (quoting *Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010) (per curiam)).

Federal Rule of Civil Procedure 8(a) requires a plain statement of the grounds for jurisdiction of the court and a concise statement of the claim showing that the claimant is entitled to relief. Fed.R.Civ.P. 8(a). In each case, Johnson fails to identify a valid basis for the Court's jurisdiction. Johnson instead identifies various torts he claims defendants committed.

The subject matter jurisdiction of this Court may derive from a federal question posed by the underlying lawsuit, *see* 28 U.S.C. § 1331, the citizenship of the parties, *see* 28 U.S.C. § 1332, or special circumstances covered by federal statute. The causes of action Johnson identifies do not arise under any federal statute. *See Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009) (citing *Louisville & Nashville R. Co. v. Mottley*, 221 U.S. 149, 152 (1907) (stating that the plaintiff's statement of his own cause of action must show that it is based upon [federal law])). Accordingly, the Court concludes that federal question jurisdiction is lacking in Johnson's cases.

Under 28 U.S.C. § 1332, diversity jurisdiction requires "complete diversity, that is 'where no defendant holds citizenship in the same state where any plaintiff holds citizenship.' " *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (quoting *In re Prempro Probs. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010)). It appears from the Johnson's Complaints that he is a South Dakota resident. The citizenship of the defendants is far from clear in Johnson's complaint. Except for the Experion, Johnson lists each defendant with a South Dakota address. Thus, these cases lack complete diversity and the court concludes that diversity jurisdiction is lacking in Johnson's cases.

Even if the Court were to find that Johnson satisfied the requirements for diversity jurisdiction, Johnson's complaints are legally frivolous. Johnson's Complaints are devoid of facts that state a cognizable claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)("a

plaintiff's obligation to provide the 'grounds; of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). Although pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The Court is not required to supply additional facts for Johnson, nor construct a legal theory that assumes facts which have not been pleaded. *Id.* The complaints should, therefore, be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and §1915A(b)(1).

VI.  **Order**

Accordingly, it is hereby ORDERED

1. Johnson's motions for leave to proceed in forma pauperis, Doc 2, 4:19-CV-4034-RAL; Doc. 2, 4:19-CV-4035; Doc. 2, 4:19-CV-4036, are granted.

2. Johnson's Complaints in Doc. 4:18-CV-4157-RAL, 4:19-CV-4034, 4:19-CV-4035, 4:19-CV-4036 are dismissed without prejudice.

3. Johnson's motions to file electronically, Doc. 11, 4:18-CV-4157-RAL; Doc 3, 4:19-CV-4034-RAL; Doc. 3, 4:19-CV-4035; Doc. 3, 4:19-CV-4036, are denied.

DATED July 31st, 2019.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE